UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAYVON L. BOATMAN,

     Plaintiff,

v.                             Case No.:  2:23-cv-458-SPC-KCD

WELLPATH RECOVERY
SOLUTIONS, LLC, *et al.*,

     Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Rayvon Boatman's Motion for Reconsideration (Doc. 23).  Boatman is an involuntarily committed resident of the Florida Civil Commitment Center (FCCC).  He filed this action in state court against entities and officials associated with the FCCC.  Wellpath Recovery Solutions—the only defendant that has been served with process—removed the case to this Court.  United States Magistrate Judge Kyle Dudek granted Boatman's request to amend his complaint and gave Boatman a deadline of November 25, 2023.  At Boatman's request, Judge Dudek extended the deadline to December 27, 2023.

Boatman did not file an amended complaint by the deadline, so Judge Dudek ordered him to show cause why this action should not be dismissed for failure to prosecute.  In response, Boatman claimed he could not file an

amended complaint because he could not afford postage stamps. The Court rejected that explanation because Boatman filed multiple papers in this and another case since Judge Dudek granted leave to amend, and because FCCC residents can file papers for free using a scanner the Court provided for that use. The Court thus dismissed this action.

Boatman asks this Court to reconsider dismissal. Reconsideration of a prior order is an extraordinary measure that should be applied sparingly. *Adams v. Beoneman*, 335 F.R.D. 452, 454 (M.D. Fla. 2020). Court orders are not intended as first drafts subject to revisions at a litigant's pleasure, so a movant must establish extraordinary circumstances supporting reconsideration. *Gold Cross EMS, Inc. v. Children's Hosp. of Ala.*, 108 F. Supp. 3d 1376, 1384 (S.D. Ga. 2015). "A motion for reconsideration should raise new issues, not merely readdress issues previously litigated." *PaineWebber Income Props. v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995).

Boatman presents no extraordinary circumstances to warrant reconsideration. He argues the Court should not have screened his complaint under 28 U.S.C. § 1915(e)(2) because he is not proceeding *in forma pauperis*. But Boatman did request and receive leave to proceed *in forma pauperis* from the state court. And anyhow, this action was dismissed for failure to prosecute under Local Rule 3.10—it was not dismissed under § 1915(e)(2)'s preliminary review criteria, though the Court did note that Boatman's complaint was a

shotgun pleading that would not have survived such a review. Boatman also claims FCCC officials have failed to mail his documents to the Court in the past, but he does not claim that occurred in this case.

The Court declines to reconsider its prior order. The dismissal will stand. But because the dismissal is without prejudice, Boatman may pursue his claims by filing a new complaint.

Accordingly, it is now

**ORDERED:**

Plaintiff Rayvon Boatman's Motion for Reconsideration (Doc. 23) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on March 18, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record